| District Court, Adams County, State of Colorado<br>1100 Judicial Center Drive, Brighton, CO 80601     303-659-1161 | EFILED Document – District Court<br>CO Adams County District Court 17th JD<br>2010CV1937<br>Filing Date: Mar 21 2011 11:51AM MDT<br>Transaction ID: 36587009 |
|---|---|
| Plaintiffs:   Ruby J. Lucero and<br>              Linda Frank<br><br>Defendants:  Adams County Board of County<br>              Commissioners,<br>              Adams County Assessor's Office, and<br>              Gilbert J. Reyes in his official capacity as<br>              Adams County Assessor | **COURT USE ONLY**<br><br>Case No: 10 CV 1937<br>Div. A   Courtroom 505 |
| **Order Denying Motion for a More Definite Statement<br>and Re: Answer to Amended Complaint** ||

On March 9, 2011, defendants filed a <u>Motion for a More Definite Statement</u>. The Court dispenses with the need for a response. The <u>Motion</u> is denied.

### Denial for failure to confer

The supreme court amended the Rule 121 duty to confer requirement in 2009. Rule 121 §1-15 requires counsel to confer in *all circumstances* unless the statute or rule governing the motion provides that it may be filed without notice. *See* Rule Change 2009(21), effective October 12, 2009.

This court has not located legal authority explaining the scope of the Colorado duty to confer. However, federal interpretations of the phrase are legion. The comparable federal interpretations of the duty are adopted here. In *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D.Colo. 2003), it was noted that: "To confer means 'to hold a conference; compare views; consult together.' *The American Heritage Dictionary of the English Language* 278-79 (Ninth Printing 1971)." In fulfilling the duty to confer, counsel "must deliberate, confer, converse, compare views, or consult with a view to resolve the dispute without judicial intervention." *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 FRD 456, 459 (D. Kan. 1999).

The duty to confer "is not satisfied by one party sending a single e-mail to another party, and particularly not where . . . the e-mail merely indicates an intention to file a motion . . . and does not suggest any negotiation or compromise. Nor, in my view, would a single letter or a single voice message satisfy the requirements." *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D.Colo. 2003). In *Auguste v. Alderden*, 2008 WL 3211283, (D. Colo. 2008), it was held that "The Court will not consider a motion to compel unless the movant, prior to filing, has conferred or made reasonable, good-faith efforts to confer with opposing counsel to resolve the dispute by holding meaningful negotiations. . . . The Court judges the reasonableness of movant's good-faith efforts by considering not only the sheer quantity of contacts, but also their quality."

Defendants have not provided a Rule 121 certificate that they conferred before filing the motion.

**Denial on the merits**

*State or federal claims*

Defendants first suggest that they are uncertain whether the Amended Complaint presents substantive claims under state or federal law. As best as can be discerned, the uncertainty described at Motion ¶6 arises from the Amended Complaint's reference to Article VI Section § 9 of the Colorado constitution. That constitutional provision, however, has nothing to do with substantive claims for relief. Rather, it simply describes the state district courts as being courts of general jurisdiction.

So far as is relevant here, Colorado constitution Article VI § provides: "The district courts shall be trial courts of record with general jurisdiction and shall have original jurisdiction in all civil, probate, and criminal cases. . . ." No confusion exists from this reference.

*Identity of the plaintiff claiming relief*

Defendants also indicate uncertainty "as to whether the first three claims are asserted on behalf of both Plaintiff Lucero and Plaintiff Frank. A fair reading of the Amended Complaint admits of no uncertainty.

The first claim is for an alleged violation of the Family Medical Leave Act of 1993. It alleges at ¶30 that "Ms. Lucero was entitled to FMLA leave." There are no allegations concerning Ms. Frank. The first claim clearly involves only Ms. Lucero.

The second claim is for an alleged second violation of the Family Medical Leave Act of 1993. It alleges at ¶44 that "Ms. Lucero engaged in a protected activity." There are no allegations concerning Ms. Frank. The second claim clearly involves only Ms. Lucero.

The third claim is for an alleged violation of the American with Disabilities Act. It alleges at ¶49 that "During the events set forth in this Complaint, Ms. Lucero was disabled within the meaning of the ADA." There are no allegations concerning Ms. Frank. The third claim clearly involves only Ms. Lucero.

*Case management*

This case was filed in November, 2010. In January, 2011, a Delay Prevention Order was issued on account of Plaintiffs' failure to serve process on defendants. Modern case management concepts indicate that actions which result in avoidable extensions of the time between the date the case was filed and the date the case goes to trial are to be avoided. Former Justice Rebecca Kourlis' Institute for the Advancement of the American Legal System issued a report titled *A Roadmap for Reform – Civil Caseflow Management Guidelines.* Guideline 6 states that: "Firm and credible trial dates are another core feature of courts with successful

caseflow management programs. . . . [T]he court should set a trial date, and this date should not be changed absent extraordinary circumstances."

A 2008 Colorado Chief Justice Directive titled *Colorado Standards for Case Management in the Trial Courts* emphasizes that trial court judges should ensure that civil cases move promptly to trial. CJD 08-05. In CJD 08-05, the Chief Justice referenced the Judicial Branch's commitment to the state legislature in the year 2000 to meet "updated timeliness goals" in exchange for the legislature then authorizing 24 additional district court judges.

A case management conference will be held where trial and other dates will be set.

ORDER:

1. Defendants' Motion for a More Definite Statement is denied.

2. Defendants shall file an *answer* to the Amended Complaint within 10 days. Any CRCP Rule 12 defenses may be presented in a motion filed separately from the answer.

3. No later than March 25, 2011, Plaintiff's counsel shall contact the Clerk of Division A (Ms. Lissa Ellis, 303-654-3290) schedule a case management conference.

4. The case management conference shall be held no later than April 12, 2011. Should counsel not agree to a date and time for the case management conference, it will be held on Friday, April 8, 2011 at 8:30 a.m. All counsel must appear in person.

Dated: March 21, 2011

BY THE COURT:

_____
Edward C. Moss
District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was sent via LexisNexis to all counsel of record and pro se parties (as listed in Lexis/Nexis) on March 21, 2011.

_____
Lissa A. Ellis, Division Clerk

3