**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case Number: 11-cv-00716-PAB-KMT

RUBY J. LUCERO; and LINDA FRANK;

      Plaintiff,

v.

THE ADAMS COUNTY BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ADAMS, STATE OF COLORADO; THE ADAMS COUNTY ASSESSOR'S OFFICE; and GILBERT J. REYES, in his capacity as THE ADAMS COUNTY ASSESSOR;

      Defendants.

**STIPULATED PROTECTIVE ORDER**

      This matter coming before the Court pursuant to the Motion for Protective Order ("Motion") to protect the confidentiality of certain documents disclosed during the litigation of this case, the Court having reviewed the Motion and being fully advised in the premises herby orders as follows:

      1.     This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

      2.     As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

      3.     Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of Plaintiff Ruby Lucero and Plaintiff Linda Frank.  CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

      4.     The CONFIDENTIAL information shall only be used for purposes of this litigation, including appeals.

      5.     The CONFIDENTIAL information shall be disclosed by any party only to the following persons, after such persons (except for the judge or other authority presiding over the

**EXHIBIT A**

case) are given a copy of this Protective Order; or if any party has disclosed CONFIDENTIAL discovery material to any of the following persons prior to the entry of this Protective Order, the disclosing party must provide a copy of this Protective Order to the person who received such CONFIDENTIAL discovery material within ten (10) days after entry of this Protective Order:

    (a)    Counsel for the parties including their associates, clerks, secretarial and clerical personnel;

    (b)    Qualified persons taking testimony involving such information and necessary stenographic and clerical personnel;

    (c)    Experts and their staff who are consulted by counsel for the receiving party;

    (d)    Parties to the litigation;

    (e)    Fact witnesses who require access to the CONFIDENTIAL information to testify; and

    (f)    Arbitrator(s) or mediator(s) if the case proceeds to alternative dispute resolution.

6.    If CONFIDENTIAL information is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall, as soon as possible, bring such disclosure to the attention of the Plaintiffs. Without prejudice to other rights and remedies of the Plaintiffs, the disclosing party shall make every effort to prevent further disclosure on its own part or on the part of the person who was the recipient of such information.

7.    Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Documents will be designated as CONFIDENTIAL only after inspection by counsel and upon a good faith belief that the information is confidential or otherwise entitled to protection. Documents labeled CONFIDENTIAL will be subject to the provisions of this Protective Order. A party that objects to the CONFIDENTIAL designation will proceed according to the process outlined in paragraph 9 of this Protective Order.

8.    Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9.    A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the

objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

In the event any document which is subject to this Protective Order must be filed with the United States District Court, District of Colorado, prior to trial, it shall be filed under seal. Such documents may be filed under seal using the procedures available through the Court's e-filing service.

10. Documents or things which are subject to this order may be marked and used as trial exhibits by either party, subject to terms and conditions as imposed by the Court upon application by the Plaintiffs.

11. Within 30 days of the conclusion of this lawsuit, including appeals, all document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

12. Court copies shall be subject to the Protective Order issued by that court.

13. The entry of this Protective Order, or any conduct pursuant to this Order, shall not be interpreted as a general waiver of privacy or confidentiality of the CONFIDENTIAL information produced in this case, any privilege that may attach or relate to such information, or otherwise permit the disclosure of said CONFIDENTIAL information.

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 14th day of December, 2011.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

S/ J. Michael Keane
NORTON, SMITH & KEANE, P.C.
1331 17th Street, Suite 500
Denver, Colorado 80202
Phone Number: (303) 292-6400
FAX Number: (303) 292-6401
E-mail: CNorton@NSK-Law.com
MKeane@NSK-Law.com
Atty. Reg. #: 10633 (Norton)
35858 (Keane)
*Attorneys for Ruby J. Lucero and Linda Frank*

APPROVED:

HAL B. WARREN, COUNTY ATTORNEY


s/Michelle Tyler Michel
Assistant County Attorney
Adams County Attorney's Office
4430 S. Adams County Parkway, Suite C5000B
Brighton, CO 80601-8206
Phone: 720-523-6116
Fax: 720-523-6114
Email: mtyler@adcogov.org
*Attorney for Defendants*