IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-00716-PAB-KMT

RUBY J. LUCERO, and
LINDA FRANK,

    Plaintiffs,

v.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ADAMS, STATE OF COLORADO,
THE ADAMS COUNTY ASSESSOR'S OFFICE, and
GILBERT J. REYES, in his capacity as the Adams County Assessor,

    Defendants.

_____

**ORDER**
_____

This matter is before the Court on defendants' motion for summary judgment [Docket No. 28], plaintiffs' motion for summary judgment on plaintiffs' fourth claim for relief [Docket No. 29], and the parties' stipulation for dismissal with prejudice of plaintiff Ruby J. Lucero's first three claims for relief [Docket No. 41].

Defendants removed this matter to this Court on March 21, 2011.  Plaintiff Ruby J. Lucero brought the following three federal claims against defendants: (1) interference with her right to take leave pursuant to the Family and Medical Leave Act ("FMLA"), *see* 29 U.S.C. § 2601 *et seq.*, (2) retaliation for taking FMLA leave, and (3) a violation of her rights under the Americans with Disabilities Act, *see* 42 U.S.C. § 12101, *et seq.*  The parties have stipulated to the dismissal of these three claims with prejudice. *See* Docket No. 41.  In light of that stipulation, the Court will dismiss the three federal

claims with prejudice.

Ms. Lucero and plaintiff Linda Frank have brought a state law claim seeking a declaratory judgment nullifying an Assessor's Office policy regarding at-will employment.[1]  As an initial matter, it is not entirely clear how this claim is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  Even assuming the Court could exercise supplemental jurisdiction over the claim, the Court declines to do so pursuant to 28 U.S.C. § 1367(c)(3).  *See Bauchman v. West High School*, 132 F.3d 542, 549 (10th Cir. 1997) ("If federal claims are dismissed before trial, leaving only issues of state law, 'the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.'") (quoting *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988)); *cf. Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir. 2010) ("'Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary.'") (quoting *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir.1995)).  The Court will therefore remand this claim to state court, where it was originally filed.

For the foregoing reasons, it is

**ORDERED** that plaintiff Ruby J. Lucero's first three claims for relief are DISMISSED with prejudice.  It is further

**ORDERED** that plaintiffs' fourth claim for relief is REMANDED to the District Court for the County of Adams, Colorado, where it was originally filed as Case No.

---

[1]Defendants contend that this policy is no longer in effect and, therefore, that the claim is moot.

2010CV1937, Div. A.  It is further

**ORDERED** that defendants' motion for summary judgment [Docket No. 28], plaintiffs' motion for summary judgment on plaintiffs' fourth claim for relief [Docket No. 29], and the joint motion for approval of the parties' stipulation [Docket No. 42] are DENIED as moot.  It is further

**ORDERED** that judgment shall enter accordingly and this case shall be closed in its entirety.  It is further

**ORDERED** that the trial preparation conference scheduled for July 13, 2012 and the trial scheduled to commence on July 30, 2012 are VACATED.

DATED July 11, 2012.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge